UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KARRIECE QUONTREL DAVIS,

    Petitioner,

v.                                          Case No.  5:16cv332/MP/CJK

STATE OF FLORIDA,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking the return of property (currency) seized by agents of the Bay County Sheriff's Office and the Drug Enforcement Administration. (Doc. 1).[1] Petitioner simultaneously filed a pleading titled "Motion Pursuant to 28 U.S.C. 2254, To Return Property From The State Of Florida, Memorandum In Support." (Doc. 2). Upon review of petitioner's pleadings, the undersigned concludes that this habeas proceeding should be dismissed for lack of jurisdiction.

---

[1] Petitioner's pleading was not accompanied by the filing fee or an application to proceed *in forma pauperis*.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the federal penal system currently confined at the Federal Correctional Institution in Marianna, Florida. (Doc. 1). Petitioner is in custody under the judgment and sentence of this court entered in *United States v. Davis*, Case No. 5:08cr5/MW/GRJ, upon his convictions for three drug offenses and for possession of counterfeit currency with the intent to defraud. (Doc. 1, Ex. C; *see United States v. Davis*, No. 5:08-cr-00005-MW-GRJ, Doc. 129 (judgment)). Petitioner has filed this habeas corpus action seeking "return of property", namely, currency seized in the course of three arrests and a search of his home. (Docs. 1, 2). Petitioner states that the currency was used as evidence in his federal prosecution. (Doc. 2, p. 4).

## DISCUSSION

Petitioner fails to satisfy the jurisdictional prerequisites for habeas relief under 28 U.S.C. § 2254. "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Other district courts have affirmed that habeas corpus is not a remedy for seeking the return

of seized property. *See, e.g., Verner-Buchowski v. Sec'y, Dep't of Corr.*, No. 6:13-cv-1244-Orl-37KRS, 2015 WL 5159186, at *7 (M.D. Fla. Sept. 2, 2015) ("A challenge to the seizure and forfeiture of assets is not cognizable in a habeas proceeding[ ]." (citing unpublished district court cases)); *Marin v. Rapelje*, No. 2:14-CV-12400, 2014 WL 5023466, at *1 (E.D. Mich. Oct. 8, 2014) ("The overwhelming consensus among district courts . . . is that such claims [challenges to the seizure or forfeiture of property] are not cognizable on federal habeas review." (citing unpublished district court cases)).[2]

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

---

[2] Petitioner also fails to satisfy the "in custody" requirement for federal habeas jurisdiction under § 2254. *See* 28 U.S.C. § 2254(a). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989). Although petitioner states on the petition form that he is challenging a judgment of conviction entered in Bay County Circuit Court Case No. 07-CF-4460 (doc. 1, p. 1), when directed on the petition form to identify the date of the judgment of conviction, the length of sentence and the crimes of which he was convicted, petitioner writes, "N/A". (Doc. 1, p. 1). Petitioner also concedes, in the motion accompanying his § 2254 petition, that the state-court charge in Case No. 07-CF-4460 was nolle prossed on February 27, 2008, a fact confirmed by the Bay County Clerk of Court's website. (Doc. 2, pp. 3, 4; *see also* www.baycoclerk.com, Case Search, Case No. 07-CF-4460). As petitioner is not "in custody" pursuant to a state court judgment, the jurisdictional requirement of § 2254 is not satisfied. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).

*Case No. 5:16cv332/MP/CJK*

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) filed under 28 U.S.C.§ 2254, be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and that

petitioner's "Motion Pursuant to 28 U.S.C. 2254, To Return Property From The State Of Florida, Memorandum In Support" (doc. 2) be DENIED.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 14th day of December, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.